# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-211-DCK

| | |
|---|---|
| LARRY KING, | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| BELK, INC., and DOES I-V, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Entry Of Protective Order" (Document No. 13) filed August 18, 2023. The undersigned will grant the parties' motion and enter their proposed Protective Order as follows.

1. This Order governs the handling and disclosure of all materials produced, given, made available for inspection and copying, exchanged, or filed herein by any party or witness during discovery and other pre-trial proceedings in this action (which includes but is not limited to all claims against all parties, including third party claims, and mediation, arbitration, or other alternative dispute resolution processes) designated as and/or defined as "CONFIDENTIAL INFORMATION."

"CONFIDENTIAL INFORMATION" as used herein means:

(a) Information of a commercially private, sensitive, or confidential nature relating to the financial and other aspects of a party's business;

(b) information which is not generally or publicly disclosed by the party; and

(c) information the disclosure of which the party or the party's counsel believes would subject the party to annoyance, embarrassment, oppression, or undue burden or expense.

2. <u>Definitions</u>.

(a) "Document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, and any other documents as defined in Rule 34 of the North Carolina Rules of Civil Procedure.

(b) "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

3. <u>Designation of Confidential Material</u>. Designation of material as CONFIDENTIAL INFORMATION shall be made as follows:

(a) In the case of electronically produced documents, by writing, typing or stamping on the CD/DVD or flash drive containing the documents the word "CONFIDENTIAL" or by stating "CONFIDENTIAL" in the folder or file name;

(b) In the case of all other documents, by writing, typing, or stamping on the face of such document the legend "CONFIDENTIAL" (or in the case of an original, by notifying the reviewing party of the confidential nature of the document);

(c) In the case of discovery responses, by responding separately to the requests which elicit confidential information and by writing, typing or stamping on each such page of such separate responses, or on the title or cover page, the legend "CONFIDENTIAL"; and

(d) In the case of deposition questions, either by (i) designating the question asked or the testimony given, at the time asked and/or given, as Confidential, (if the confidential portion of a transcript cannot be conveniently segregated then the entire transcript or pleading shall be deemed confidential), or (ii) by giving notice in writing to the reporter and counsel of record for all parties within thirty (30) days after receipt of the transcript of the portions containing Confidential Information, in which event all counsel shall appropriately mark their copies of the transcript.

4. Any party who produces CONFIDENTIAL INFORMATION as defined in this Order or who designates material as CONFIDENTIAL INFORMATION as set forth in this Paragraph 3 shall be referred to as the "Designating Party." Any party who seeks to disclose to another person any material designated as CONFIDENTIAL INFORMATION pursuant to this Order shall be referred to as the "Disclosing Party."

5. <u>Agreement on Use of Confidential Information</u>. All CONFIDENTIAL INFORMATION, as defined and/or designated in accordance with this Order, shall be used solely in the prosecution or defense of this action, and shall not be used or disclosed by any person for any other purpose.

6. <u>Scope of Permitted Disclosure</u>. Except by agreement or upon further order of the Court, CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

   (a) The named parties to this action and the officers, directors, and employees of the named parties who are participating in the prosecution or defense of this action (including but not limited to any mediation, arbitration, or any other settlement process and appeals), or who otherwise have a need to know of the Confidential Information for purposes of the lawsuit;

   (b) Counsel for the parties to this litigation, including firm attorneys, paralegals, and office staff, as well as personal, in-house and/or general counsel for the parties, their firm attorneys, office associates, paralegals and office staff;

   (c) Claims representative(s) and carrier(s) for the parties, including their attorneys;

   (d) Independent consultants and experts consulted by or assisting a party in this action so long as the party who retains such experts or consultants complies with all requirements set forth in Paragraph 7;

   (e) A deponent, witness, or potential witness whom a party or a party's counsel in good faith believes may have information relevant to this action, not covered under Section (a), where the Confidential Information is related to the questions asked to or the testimony of such deponent or witness;

(f) Court reporters, the Court, the staff of the Court, and mediators; and

(g) Any other person or entity to whom the parties agree in writing, or whom the Court directs, shall have access to such information.

7. <u>Conditions of Disclosure</u>. Prior to disclosure of CONFIDENTIAL INFORMATION to any person set forth in Paragraphs 6(d) of this Order, the Disclosing Party shall inform such person that the CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only and require said person to agree to be bound by the terms of this Order by executing Exhibit A.

8. <u>Conditions of Other Disclosure</u>. If a party desires to disclose any CONFIDENTIAL INFORMATION to any person not described in Paragraph 6 of this Order, counsel for the Disclosing Party shall inform, in writing, counsel for the Designating Party at least seven (7) business days in advance of such disclosure (or such other time as agreed to by the parties in writing) of the intent so to disclose, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed seven (7) day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court in accordance with the procedure set forth in Paragraph 9 of this Order.

9. <u>Objection Procedure</u>. Neither the designation by a party of any document, information, or deposition testimony as "CONFIDENTIAL" hereunder, nor its receipt by any other party, shall constitute a concession that the document, information, or deposition testimony is appropriately designated. If any party disagrees with a designation of any document or information as "CONFIDENTIAL," that party (the "Objecting Party") may, at any time prior to two weeks

before the close of discovery, provide written notice of its objection to the designating person or entity, specifying the materials that are the subject of the objection. The parties shall confer in good faith in an effort to resolve the objection. If no resolution can be reached within a reasonable amount of time, the Objecting Party may move the Court for an Order that such material not be so designated. The Designating Party shall bear the burden of showing good cause for the designation under Rule 26(c) of the North Carolina Rules of Civil Procedure and this Order. During the period between the initial designation of the material by the Designating Party and the Court's determination of the Objecting Party's motion, such material shall be treated like any other material so designated.

10. <u>Filing with Court</u>. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. The parties shall take such steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential".

11. Nothing in this Order shall prohibit disclosure of a document which has been designated CONFIDENTIAL INFORMATION to the author of such document or any person(s) who received such document.

12. The production or disclosure pursuant to the terms of this Order of CONFIDENTIAL INFORMATION by a person shall not waive or prejudice the right of that person to object to the production or admissibility of the same documents, material or information in this or any other action.

13. This Order is concerned only with procedures for the disclosure and use of CONFIDENTIAL INFORMATION during the pretrial stages of this action. A separate Order will be entered at the appropriate time regarding the use of CONFIDENTIAL INFORMATION during the trial or trials of any matter or issue herein.

14. With the exception of material maintained in the files of the Court, all CONFIDENTIAL INFORMATION, including all xeroxed copies of same, shall be returned to counsel for the party or witness producing such information within a reasonable period after the final disposition of this action, including the conclusion of any and all appeals. In the alternative, with consent of all parties, all CONFIDENTIAL INFORMATION may be destroyed, including all electronically stored copies. The party's counsel of record shall provide a written certification that all such documents and copies of the same, whether hard copies or electronically stored copies, have in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

15. Each person who receives CONFIDENTIAL INFORMATION in this action submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

16. The inadvertent, unintentional or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. This Order may be modified at any time by consent or the parties and/or upon entry of a further Order by the Court.

**SO ORDERED**.

Signed: August 22, 2023

_____
David C. Keesler
United States Magistrate Judge

**CONSENTED TO**:

  /s/ *Kevin C. Corrigan*
Kevin C. Corrigan
Fed. Id. No. 10337
Schiller & Hamilton, LLC
P.O. Box 36365
Rock Hill, SC 29732
Telephone: (803) 366-0333
Facsimile: (803) 366-0339
Email: ccorrigan@schillerhamilton.com
*Attorney for Plaintiff*


  /s/ *Ariella Z. Walsh*
Ariella Z. Walsh
N.C. State Bar No. 55047
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
Email: azulman@cshlaw.com
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-211-DCK**

| | |
|---|---|
| **LARRY KING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER – EXHIBIT A** |
| ) | |
| ) | **ACKNOWLEDGEMENT AND PROMISE** |
| ) | **OF CONFIDENTIALITY** |
| **BELK, INC., and DOES I-V,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

The undersigned does hereby acknowledge receipt of "CONFIDENTIAL" information in connection with the above captioned action.

The undersigned does further certify that he or she has received and reviewed a copy of the Consent Protective Order which was entered in the above-referenced matter; that he or she has read and understands the provisions of that Consent Protective Order; agrees to be bound by, and to comply with, the provisions of that Consent Protective Order; and submits himself or herself to the jurisdiction of the United State District Court for the Western District of North Carolina for the enforcement of that Consent Protective Order.

This the ___ day of _____, 2023.

_____
(Signature)

_____
(Printed or typewritten)

8

Sworn to and subscribed before me
this the ____ day of _____, 2023.


_____
Notary Public

My Commission Expires:_____